UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **RICHARD WAGNER**, | ) |
| Plaintiff, | ) Case No. 3:23-cv-605 |
| v. | ) |
| **Image Hospitality Group, LLC,** an Ohio Limited Liability Company | ) Judge: |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, **RICHARD WAGNER**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Image Hospitality Group, LLC**,** an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over

actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Mortland") is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, Image Hospitality Group, LLC, owns and/or operates the Holiday Inn Toledo-Maumee, which is a hotel located at 1705 Toll Gate Dr, Maumee, OH 43537 located in Lucas County.

6. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant commencing in 2007 and granted permits for occupancy in 2008 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. Upon information and belief, the hotel owned or operated by the Defendant, Image Hospitality Group, LLC, is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Wagner is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Wagner is a Delaware County, Ohio resident and is a professional employed in the ADA facility access and Independent Living Center industries. He was traveling to Northwest Ohio on this occasion as a private consultant and in that capacity has consulted for private clients throughout Ohio and in Maumee, Ohio. Travel to Maumee and to Northwest Ohio is an occasional aspect of his job duties and work will typically bring Mr. Wagner to the area 10 to 15 times annually. About half of which require overnight accommodations.

10. On October 6-7, 2022, Plaintiff patronized the Defendant's property as an overnight guest while in Maumee conducting business, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject's property. The barriers to access at the

property have endangered his safety and protected access to Defendant's place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in

violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Holiday Inn Toledo-Maumee hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes

A. At the Main Entrance, the floor mat at the door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is strictly required or at minimum is readily achievable.

Access to Goods and Services

B. At the front desk, the transaction counter is too narrow and does not extend the same depth as the sales/service counter space nor is there a portion of the counter surface that is 36 inches long minimum and 36 inches high maximum above the finish floor, in violation

of the ADA section 904.4 and 904.4.1 of the 2010 Standards and 1991 ADAAG section 7.2(1), (2), whose remedy is strictly required or at minimum is readily achievable.

Lobby Restrooms

C. At the Women's public restroom (Lobby area) entry, the sign providing information is located out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6 whose remedy is strictly required or at minimum is readily achievable.

D. At the Men's lobby public restroom entry, the sign providing information is located out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6 whose remedy is strictly required or at minimum is readily achievable.

E. At the Men's public restroom, the height of the mirror is out of compliance and mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is readily achievable.

F. At the Men's public restroom, the toilet paper is not properly mounted, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

G. At the Men's public restroom, the rear wall grab bar is mounted out of compliance and does not extend 24 inches from the unit centerline on the open side and is also mounted in excess of 36 inches above the floor to the top of the gripping surface, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or at minimum is readily achievable.

H. At the Men's public restroom, the side grab bar is out of compliance and does not extend 54 inches minimum from the rear wall and is also mounted in excess of 36 inches above the floor to the top of the gripping surface, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4 whose remedy is strictly required or at minimum is readily achievable.

I. At the Men's public restroom, the maneuvering space on the pull side of the door is impeded at exiting, by a trash can, in violation of the ADA section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is strictly required or at minimum is readily achievable.

J. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

**Restaurant**

K. In the restaurant, there is no accessible seating or standing dining surfaces provided with required knee and toe clearances at the bar or in the dining room, in violation of the ADA section 226.1, 306 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or at minimum is readily achievable.

L. At the hotel restaurant, the floor mat at the patio door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guest Room #403**

M. In guest room #403, the exterior number sign providing information is located too high out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6 whose remedy is strictly required or at minimum is readily achievable.

N. In guest room #403, the sign on the inside of the door providing information is located to high and out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6 whose remedy is strictly required or at minimum is readily achievable.

O. In guest room #403, the amenities including the hair dryer, ice bucket, coffee maker, cups and condiments are placed too high and out of the maximum reach range, in violation of the ADA section 308.3.1 of the 2010 Standards and 1991 AGAAG section 4.2.5, whose remedy is strictly required or at minimum is readily achievable.

P. In guest room #403, the Coat Hooks are too high and out of the maximum reach range, in violation of the ADA section 308.3.1 of the 2010 Standards and 1991 AGAAG section 4.2.5, whose remedy is strictly required or at minimum is readily achievable.

Q. In guest room #403, the side grab bar is out of compliance and does not extend 54 inches minimum from the rear wall and is also mounted in excess of 36 inches above the floor to the top of the gripping surface, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4 whose remedy is strictly required or at minimum is readily achievable.

R. In guest room #403, the rear wall grab bar is out of compliance and does not extend 24 inches from the unit centerline on the open side and is also mounted in excess of 36 inches above the floor to the top of the gripping surface, in violation of the ADA section

604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or at minimum is readily achievable.

S. In guest room #403, the toilet paper is not properly mounted, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or at minimum is readily achievable.

T. In guest room #403, the towels are placed too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards and 1991 AGAAG section 4.2.5, whose remedy is strictly required or at minimum is readily achievable.

U. In guest room #403, the Roll-in shower stall sprayer is out of compliance as it does not have an on/off valve, in violation of the ADA and section 608.6 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

V. In guest room #403, the Roll-in shower fixed seat is not mounted on the wall adjacent to the controls, in violation of the ADA and 1991 ADAAG section 4.21.3 and section 608.3.2 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

W. In guest room #403, the Roll-in shower has a 2 inch threshold whereas shower stalls that are 30 inch by 60 inch minimum shall not have curbs, in violation of the ADA and 1991 ADAAG section 4.21.7 and section 608.7 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

**Accessible Guestrooms and Accommodations**

X. Upon information and belief, other mobility designated accessible guestrooms fitted with roll-in shower (or other type) have similar violations of the ADA and its implementing regulations as noted in guestroom #403 as well as other barriers, the removal of which is strictly required and or is at minimum readily achievable. Further inspection of these rooms is required.

**Policies and Procedures**

Y. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

Z. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

AA. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this four-story building hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Richard Wagner, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

16. The discriminatory violations described in Paragraph 15 by Defendant Image Hospitality Group, LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the

ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by Image Hospitality Group, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. For new construction and alterations to existing public accommodations and commercial facilities, Title III provides that "a failure to design and construct facilities for first occupancy [after January 26, 1993] that are readily accessible to and usable by individuals with disabilities" will constitute discrimination for purposes of § 12182(a). 42 U.S.C. § 12183(a)(1).

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will

       continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such compulsory alterations or at minimum readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

23. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

24. The Defendant Image Hospitality Group, LLC, operate or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

25. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations.  Defendant's property is characterized as new construction and lacks required elements for handicap access and

this had led to discrimination against the Plaintiff. Defendant's unlawful acts impair the Plaintiff's ability to perform the important basic function of bathing in his own transient lodging guestroom.

26. The Defendant's acts are willful, severe and ongoing.

27. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. 0074743
Law Offices of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone

        (419) 241-9737 – Facsimile
        Monroe, MI (734) 240-0848
        dunnlawoffice@sbcglobal.net
         Counsel for Plaintiff Richard Wagner