UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Richard Wagner**, | ) |
| Plaintiff, | ) Case No. 3:23-cv-605 |
| v. | ) |
| **Image Hospitality Group, LLC,** an Ohio Limited Liability Company | ) The Honorable Judge Jeffrey J. Helmick |
| Defendant. | ) |

## CONSENT DECREE AND ORDER

WHEREAS, Plaintiff Richard Wagner ("Wagner") filed this action against Image Hospitality Group, LLC, an Ohio Limited Liability Company, in the United States District Court for the Northern District of Ohio, Case Number 3:23-cv-00605.

WHEREAS, Wagner alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and Ohio Disability Discrimination Law, O.R.C. §4112.01 et seq., at a facility commonly referred to as the Holiday Inn Toledo-Maumee, which is a hotel located at 1705 Toll Gate Dr, Maumee, OH 43537 in Lucas County (the "Property");

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings and have voluntarily entered into this consent decree;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order, the parties request the Court to enter consent judgment accordingly.

A. <u>Undertakings by Defendant Image Hospitality Group, LLC:</u>

Without admitting liability, in response to and in settlement of the allegations contained in Wagner's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, Image Hospitality Group, LLC agrees to perform the following

barrier removal, alterations, and modifications at and to the Property on or before May 1, 2025, unless an alternate date is specifically referenced herein, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of Image Hospitality Group, LLC such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages:

**Lobby Restrooms**

1. Image Hospitality will provide compliant restroom door signage on the latch side of the both the Men's and Women's public restroom doors, with braille and tactile characters at a height of 48" - 60" above the finished floor.

2. Image Hospitality will reposition the mirror in the Men's and Women's public restrooms so that the lower reflective edge is 40" maximum above the finished floor.

3. Image Hospitality will reposition the toilet paper so that it is properly mounted in the Men's and Women's public restroom, 1.5" minimum below the grab bar, 15" minimum above the floor and 7" - 9" in front of the seat, per section 604.7 of the 2010 Standards.

4. Image Hospitality will remount toilet grab bars in the Men's and Women's public restroom which comply with 2010 Standards §§ 604.5 and 609. Side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. The grab bars will be 33 to 36 inches above the finish floor to the top of the gripping surfaces.

5. Image Hospitality will relocate the trash can so it does not impair the required latch side maneuvering clearance of 18 inches required at the Men's and Women's public restroom exit doors.

**Bar and Dining Area**

6. At the bar's dining and service counter, Image Hospitality will provide for a 60" wide accessible portion of the bar that is 28" - 34" above the floor and that has accessible minimum knee and toe clearances of 27" high. by 30" wide, by 17" deep.
*Completion of this item in the ordinary course of business but not to exceed December 31, 2029.*

7. Image Hospitality will provide for, at least a, 5% of the table seating to be accessible with tables 28" - 34" above the floor while providing minimum knee clearance 27" high, by 30" wide, by 17" deep.

**Mobility Accessible Guestroom number 403**

8. Image Hospitality will provide emergency evacuation information in compliance with section 703.5.5 of the 2010 Standards where characters measure 5/8" in height and post them at 48" maximum above the finished floor, as required by section 308.3.1 of the 2010 Standards.

9. Image Hospitality will relocate the ice bucket, coffee maker, cups and condiments to a location where they will be positioned within 48 inches above the finish floor to their operable parts or reconstruct the alcove to allow for a parallel approach with a reach up to 24 inches with a maximum height of 46 inches above the finish floor.

10. Image Hospitality will install robe hooks and coat hooks to no higher than 48 inches above the finish floor.

11. Image Hospitality will reconfigure the accessible guestroom bathroom in order to provide guestroom bathroom toilet grab bars which comply with 2010 Standards §§ 604.5 and 609. Side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. (*By mutual agreement of the parties, where the rear wall width itself precludes exact placement of the rear wall grab bar, this may vary within acceptable construction variances*) The grab bars will be 33 to 36 inches above the finish floor to the top of the gripping surfaces.

12. Image Hospitality will reposition the toilet paper so that it is properly mounted in the guestroom bathroom, 1.5" minimum below the grab bar, 15" minimum above the floor and 7" - 9" in front of the seat, per section 604.7 of the 2010 Standards.

13. Image Hospitality will install towel shelf to no higher than 48 inches above the finish floor.

14. Image Hospitality will relocate the shower controls to the back wall adjacent the seat, 27" max in front of the seat wall and no higher than 48" above the floor, per sections 4.21.5 of the 1991 ADAAG and 608.5.2 of the 2010 Standards. The shower sprayer shall be equipped with a non-positive shut off valve.

15. Image Hospitality will install a roll-in shower with a threshold not to exceed ½ inch to comply with section 608.7 of the 2010 Standards.

**Mobility Accessible Guest Rooms Generally**

16. Image Hospitality will utilize an ADA Accessibility Consultant to survey guest rooms number 203, 303, 332, 432, 503, and 532 then conduct barrier removal consistent with the requirements of the 2010 Standards and at minimum those consistent with those remedies required for Room #403.

17. Image Hospitality, at its discretion, may convert a portion of existing non-compliant roll-in shower fitted rooms to compliant bathtub or transfer shower fitted mobility accessible guestrooms, provided the guestrooms with mobility features to total five (5) without a roll-in shower and two (2) mobility accessible guestrooms with a roll-in shower to equal seven (7) total mobility accessible guestrooms dispersed among the various classes of sleeping accommodations, in accordance with table 224.2 and section 224.5 of the 2010 Standards.

**Re-Inspection**

18. Plaintiff shall be afforded access to inspect the completed remedial measures between May 2, 2025 and June 30, 2025.  The inspection shall include all areas of the parties' agreement. Counsel for plaintiff or his assigned agent shall be provided one night hotel accommodation in a suite by Defendant. With the exception of accommodations, any additional expenses incurred shall be the responsibility of the Plaintiff.

Policies and Procedures

19. Image Hospitality will create and adopt reasonable policies and procedures regarding maintenance of accessible features and emergency evacuation plans and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.   A copy will be produced to Plaintiff upon completion.

20. Image Hospitality will create or modify existing emergency evacuation plans to account for the needs of patrons with disabilities. A copy will be produced to Plaintiff upon completion.

B.  Undertakings by Plaintiff Wagner:  Wagner agrees that he is releasing Image Hospitality Group, LLC and Image Hospitality Group, LLC's parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order.  Wagner further agrees that the completion of the above-referenced modifications will fully resolve his claims against Image Hospitality Group, LLC in the above-captioned matter, and consents to the Court's dismissal of this matter.

C.  The Parties agree and the Court is advised that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily

achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Ohio Law.

      D.      Upon completion of the above-listed modifications, the Parties agree and the Court is advised that the Property is in compliance with the Americans with Disabilities Act and Ohio law to the extent readily achievable as such is in good faith interpreted by the Parties.

      E.      <u>Jurisdiction</u>:  The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Northern District of Ohio.  The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.   In the event the Court would determine a material breach of the terms contained herein, the prevailing party shall be entitled to its reasonable fees, expenses and costs in accordance with applicable law.

      F.      <u>Judgment</u>:  Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.  The Court enters judgment accordingly:

      WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to comply

with what work was intended by the Parties to have met the requirements of the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and applicable Ohio Law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the concurrence of each of the parties, this matter be dismissed with prejudice and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated: March 11, 2024

                                            s/ Jeffrey J. Helmick
                                            Honorable Judge Jeffrey J. Helmick
                                            United States District Court Judge

Approved for entry by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Howard B. Hershman, Esq.
Howard B. Hershman, Esq., Counsel for the Defendant

Approved for entry by the parties:

/s/ Richard Wagner                                         02/ 8 /2024
Richard Wagner                                                   Date

Image Hospitality Group, LLC
By its authorized representative:

/s/ Manoj Mike Desai                                    February 9, 2024
                                                             Date